UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL GLEED,

       Plaintiff,                                     Case No.  13-12479

v.                                                Paul D. Borman
                                                       United States District Court

AT&T SERVICES, INC.,

       Defendant.
_____/

OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE
(ECF NO. 39) AND BIFURCATING TRIAL PURSUANT TO FED. R. CIV. P. 42

Before the Court is Defendant AT&T Services Inc.'s *Motion in Limine* filed on September 21, 2015.  (ECF No. 39).  Plaintiff Daniel Gleed filed a Response and Defendant thereafter filed a reply.  (ECF Nos. 42 & 43).  A hearing on this matter was held on October 29, 2015.  For the reasons set forth below the Court will grant in part and deny in part Defendant's Motion in Limine and bifurcate the trial  – liability trial first; damage trial second – pursuant to Fed. R. Civ. P. 42(b).

I. BACKGROUND

This action arises from Plaintiff Daniel Gleed's allegations of disability discrimination against his previous employer, Defendant AT&T Mobility Services, LLC ("Defendant").  Plaintiff worked as a Retail Sales Consultant at Defendant's retail store in Jackson, Michigan.  In November 2011, Plaintiff alleges that he presented his manager, Erick Smith, with a note from a nurse practitioner providing that he be allowed to sit as needed to accommodate the cellulitis (skin infection) he suffered on his legs and the eczema on his feet.  Plaintiff claims that Smith

refused to allow him to sit and refused to include the pertinent nurse's note in his file.  Smith, on the other hand, testified he instructed Plaintiff that he could use a stool to sit and prop up his leg on the table while on the sales floor or he could take extra breaks to sit in the back room.  Smith also testified that Plaintiff did in fact sit on a stool and prop his leg up while on the sales floor.

Seven months later, after visiting the emergency room because of his skin infection, Plaintiff was told he needed to come to the doctor's office "each day for up to six weeks for hour-long IV treatments."  (ECF No. 38, Sixth Circuit Opinion Order, at 2).  Plaintiff then sought to adjust his work schedule "so that he could receive the treatments without missing work" (*Id.*).  Smith allegedly denied the request.  Thereafter, Plaintiff spoke with a representative from Defendant's Human Resource department who offered him unpaid leave and the chance to later apply for back-pay.  Plaintiff did not ask the HR representative for an adjustment to his schedule.  (*Id.*).  Plaintiff then told Smith he was resigning and sent him an email stating the same later that day.

Plaintiff's complaint sets forth three counts: (1) a claim of disability discrimination for failure to provide a reasonable accommodation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; (2) a claim of reverse gender discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. § 2000e-2 and (3) a claim of "constructive discharge".  This Court previously granted summary judgment to Defendant on all three claims (ECF No. 28).  The Sixth Circuit reversed this Court's Judgment as to Plaintiff's ADA claim, finding that there was a genuine issue of material fact regarding whether Plaintiff was denied a reasonable accommodation in November 2011 to sit as needed for his medical condition.  (ECF No. 28, Opinion and Order at * 3-5).  The Sixth Circuit affirmed this Court's

dismissal of Plaintiff's claims of gender discrimination and constructive discharge as well as Plaintiff's claim that Defendant failed to accommodate his IV treatments. (*Id*. at * 6-7).

Defendant has filed a motion *in limine* requesting that this Court (1) find that Plaintiff's resignation email is relevant and admissible, but subject to a limiting instruction, and to preclude evidence as to the events or reasons leading up to Plaintiff's resignation; (2) exclude evidence regarding Plaintiff's medical condition after November 2011 as "irrelevant and potentially confusing to the jury"; and (3) exclude any evidence regarding Erick Smith's change from a management position as irrelevant and prejudicial.

## II. STANDARD OF REVIEW

"The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures – including motions in limine – in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 560 (6th Cir. 2013) ("A motion in limine is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." (internal quotation marks omitted)). District courts have broad discretion over matters involving the admissibility of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991).

## III. ANALYSIS

A.  Bifurcation of Trial

The United States Court of Appeals for the Sixth Circuit Court has explained the proper analysis for ordering bifurcation of a trial under Federal Rule of Civil Procedure 42(b):

> A court may bifurcate a trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." In determining whether separate trial are appropriate, the court should consider several facts, including "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy."

*Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (internal citations omitted). The decision to bifurcate a trial is within the court's discretion and can be made upon the court's own motion. *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996).

The Court finds that judicial economy would be best served in this case by bifurcation of the liability and damages phases of the trial. The Court notes, in particular, that Plaintiff seeks to introduce medical evidence that postdates the date of his request for an accommodation, November 2011, and that bears only on the issue of establishing his damages and is not relevant to establishing a violation of disability discrimination under 42 U.S.C. § 12112. Further, the Court finds that medical evidence postdating Plaintiff's resignation, July 1, 2012, and relating to a request for an accommodation that is no longer a viable claim could easily confuse the jury because the critical issues in this case only relate to whether Plaintiff was denied a reasonable accommodation to sit in November 2011. Therefore, the threat of prejudice and juror confusion also weighs in favor of bifurcation.

Consequently, when the jury trial commences it will first determine the issue of liability. If the jury returns a verdict in favor of Plaintiff on the issue of liability, then the second phase of the trial to determine damages will immediately commence and utilize the same jury.

B.   Resignation Email

Defendant notes that the sole remaining claim in this action is whether Defendant violated the ADA by refusing to accommodate Plaintiff's medical condition by allowing him to

use a chair to sit as needed during his shifts in November 2011. Defendant posits that Smith did in fact allow Plaintiff to use a chair, which Plaintiff denies, and therefore the litigation is likely to turn on the credibility of Plaintiff and Smith.

To this end, Defendant argues that Plaintiff's resignation letter of June 29, 2012 is relevant to the credibility of Plaintiff. Plaintiff's June 29, 2012, resignation email stated:

> Erick
>
> Sunday July 1st will be my last day as an employee of AT&T. Beginning Monday July 2nd I am promoting myself to customer. It has been a pleasure being part of your team. You are the best manager I have ever had the pleasure of working for. I appreciate you always leading by example and taking time to teach and coach me. If I'm working for someone else I'm building someone else's dreams. My dreams have always been bigger than my paycheck so I'm officially retiring from the at&t slave camp.
>
> Freedom Awaits ☺
>
> Best of luck to you and your family.
>
> Sincerely
> Daniel Gleed

(Def.'s Mot., Ex. 1, Resignation Email, 6/29/12). Defendant argues that this email, which is full of positive comments regarding Smith, could undermine Plaintiff's claims regarding whether Smith denied his request for a chair, and is therefore relevant as to Plaintiff's credibility.

Defendant further argues that Plaintiff should be precluded from discussing his reasons for resigning or what was happening in the workplace at the time of his resignation, *i.e.* that Plaintiff quit because Defendant would not accommodate his IV treatments. Defendant also requests that the Court give the jury a limiting instruction such that the jury should only consider the resignation email for the purposes of credibility and "be told that Gleed's resignation is otherwise not at issue at trial." (Def.'s Br. at 2-3).

5

Plaintiff agrees with Defendant that the letter of resignation is relevant and admissible, however, he argues, without any analysis, that Defendant's request for a limiting instruction be denied because the reasons for his resignation are "clearly relevant and admissible". (Pl.'s Resp. at 4). Plaintiff explained during oral argument that he should be allowed to discuss all of the circumstances surrounding his resignation because those circumstances are relevant to why he authored the letter and would therefore bear upon his credibility.

Federal Rule of Evidence 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." However, relevant evidence may be excluded if its probative value is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

The Court will grant Defendant's request to admit the resignation letter as it is relevant to the Plaintiff's credibility and Plaintiff agrees that the email is relevant and admissible. The Court will deny Defendant's request to exclude <u>all</u> testimony regarding the circumstances surrounding Plaintiff's decision to author the resignation letter as such testimony is also relevant to Plaintiff's credibility. Indeed, the reasons why Plaintiff authored the resignation letter or used certain language in the email would be relevant to his motivation and therefore ultimately also bear upon his credibility.

The Court finds that Plaintiff's testimony regarding his reasons for authoring the resignation email could be confusing or prejudicial to the jury, because Plaintiff's claims of constructive discharge and failure to accommodate his IV treatments have been dismissed.

Therefore, the Court agrees with Defendant that a limiting instruction to the jury regarding the relevance of the resignation email is appropriate. Defendant shall draft a proposed limiting trial instruction for review to be submitted to the Court and Plaintiff prior to trial.

   C.  Medical Records and Testimony about Medical Condition after November 2011

Defendant next asks the Court to exclude Plaintiff's medical records and testimony regarding his medical condition postdating his pertinent request for an accommodation in November 2011. Defendant acknowledges that evidence or testimony regarding Plaintiff's medical condition in November 2011 would be relevant to the pertinent issue of whether Plaintiff suffered from a protected disability in November 2011. Defendant argues, however, that medical evidence or testimony regarding Plaintiff's condition <u>after</u> November 2011 should be precluded because such evidence: (1) is not relevant because it does not concern the pertinent time period when Plaintiff requested the sitting accommodation; (2) such evidence was not produced to Defendant during Plaintiff's employment and therefore could not have been considered by Defendant regarding allowing Plaintiff a sitting accommodation; and (3) such evidence could lead to juror confusion because it does not relate to Plaintiff's medical condition in November 2011.

Plaintiff argues in his response that medical evidence that postdates his November 2011 request for an accommodation is relevant and admissible but fails to set forth any reasoning or analysis to support his argument. Plaintiff contended during oral argument that the medical records dated after November 2011 through June 2012 are relevant because such evidence shows that Plaintiff's skin condition was exacerbated by the denial of his request to sit as needed in November 2011. Plaintiff further argued that the medical records that postdate his resignation

are relevant because such evidence supports his claims for damages relating to both his physical and mental condition.

As discussed *supra*, the Court concludes that Plaintiff seeks to admit his medical records postdating his request for an accommodation for the sole purpose of establishing his damages. The Court also observes that Plaintiff has wholly failed to indicate with any specificity what medical evidence he will be relying upon to show his damages. Accordingly, the Court finds that such evidence will not be admissible at his trial on liability, and will be admitted, it at all, during a damages trial, if one occurs.

D.     Erick Smith's Position Change

Finally, Defendant requests that this Court preclude any evidence regarding Erick Smith's change in position with Defendant from Store Manager to Retail Store Consultant. Defendant argues that Smith voluntarily stepped down from his manager position four months after Plaintiff resigned and the change "had nothing to do with Smith's response to Gleed's accommodation request to sit at times." (Def.'s Br. at 4-5). Defendant further contends that any possible relevance of this information is outweighed by possible prejudice (Fed. R. Evid. 403), because a juror could make an improper inference from its mere admission that Smith's position change was connected to the alleged denial of Plaintiff's accommodation request. Moreover, Defendant argues that Fed. R. Evid. 602 bars Plaintiff from testifying about Smith's position change because he has no firsthand knowledge regarding the position change. Rule 602 requires that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

Plaintiff argues that "Defendants [sic] argument is ipsedixit [sic] and reckless. Plaintiff will attempt to show at trial that Smith's refusal of Plaintiff's accommodation request violated the ADA and that Defendant removed him from his management position for that reason." (Pl.'s Resp. at 5). Yet, Plaintiff admitted during oral argument that he has no evidence that Erick Smith's change in position is related to Plaintiff's accommodation request in November 2011. Plaintiff also did not dispute he lacked firsthand knowledge regarding Smith's position change. Plaintiff appears to argue merely that he should be allowed to question Smith whether he was demoted based on his incompetence relating to the denial of Plaintiff's request for an accommodation.

The Court finds that because Plaintiff has no firsthand knowledge regarding why Smith changed positions, he cannot testify regarding his speculations. *See* FED. R. EVID. 602. Further, the Court finds that Plaintiff has failed to otherwise show that Smith's change in position, four months after Plaintiff's resignation, is relevant to the issue of whether Smith denied Plaintiff's sitting accommodation in November 2011. Finally, the Court concludes that any possible relevance of Smith's position change is greatly outweighed by the likelihood of prejudice (Fed. R. Evid. 403) to Defendant due to the possibility of an improper inference that Smith's position change was related to Plaintiff's accommodation request. *Also see* FED. R. EVID. 404(b). Therefore, the Court will grant Defendant's request to exclude any evidence regarding Smith's position change.

9

IV. CONCLUSION

For all these reasons, the Court:

(1) ORDERS bifurcation of the liability and damages phases of the trial; and

(2) GRANTS IN PART AND DENIES IN PART Defendant's motion in limine such that the June 29, 2012 resignation email will be allowed but also allowing Plaintiff to testify regarding his motivation for authoring the email, and allowing a limiting instruction regarding the relevance of the resignation email;

(3) DENIES AT THIS TIME Defendant's request to preclude Plaintiff's submission of medical evidence post-dating his November 2011 request for accommodation, but only allowing, if at all, such medical evidence and testimony during any subsequent damages phase of the trial.

(4) GRANTING Defendant's request to exclude evidence regarding Smith's change in position.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 12, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 12, 2015.

s/Deborah Tofil
Case Manager